UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(FORT LAUDERDALE DIVISION)

In re

AMERICAN TELNET, INC.

       Debtor.

_____/

CHAPTER 7

CASE NO. 07-11430-BKC-JKO

KENNETH WELT, Chapter 7 Trustee
of Debtor AMERICAN TELNET, INC.,

       Plaintiff,

vs.

MICHAEL PARDES, an individual, TED
LIEBOWITZ, an individual, SARA
LIEBOWITZ, an individual, and
GAVIN KAHN, an individual,

       Defendants.

_____/

ADV. NO.

## ADVERSARY COMPLAINT

Plaintiff Kenneth Welt ("Welt" or the "Trustee"), not individually but in his capacity as the Chapter 7 trustee of the bankruptcy estate of American Telnet, Inc. ("American Telnet" or the "Debtor"), files this Adversary Complaint on behalf of the estate and the creditors of the Debtor against the Defendants, MICHAEL PARDES, an individual, TED LIEBOWITZ, an

1

individual, SARA LIEBOWITZ, an individual, and GAVIN KAHN, an individual (collectively, the "Defendants").[1]    In support of the claims asserted herein, the Trustee alleges the following:

## THE PARTIES, JURISDICTION & VENUE

1.      On or about March 2, 2007 ("Petition Date"), an involuntary petition for relief under Chapter 7, Title 11 of the United States Code (the "Bankruptcy Code"), was filed against the Debtor by the Zodiac Group, Inc. ("Zodiac"), the American Psychic Association, Inc. ("American Psychic") and Allstate Communications, Inc. ("Allstate").

2.      The Debtor was at all relevant times a Florida corporation with its principal place of business in Plantation, Florida.

3.      On April 4, 2007, an Order for Relief was entered and Kenneth Welt was subsequently appointed as the Chapter 7 trustee.

4.      Michael Pardes ("Pardes") is an individual that resides in the State of Florida.  At all relevant times, Pardes was an officer, director and 39% shareholder of American Telnet.

5.      Ted Liebowitz ("T. Liebowitz") is an individual that resides in the State of New York.  At all relevant times, T. Liebowitz was an officer, director and 53% shareholder of American Telnet.

6.      Sara Liebowitz ("S. Liebowitz") is an individual that resides in the State of New York.  S. Liebowitz served as a director of American Telnet from 1999 until the company's administrative dissolution in 2006.

---

[1]  In compliance with Fed.R.Bankr.P. 7020 and Local Rule 7003-1(D) regarding the joinder of multiple parties in a single filed complaint, each of the named defendants are former officers and/or directors of the Debtor alleged to have, among other claims, breached their fiduciary duties, with the right to relief of the Trustee predicated jointly and severally, and in respect of or arising out the same series of transactions, occurrences or series of transactions or occurrences, along with common questions and issues of law and fact.

CARLSON & LEWITTES, P.A.
One Southeast Third Avenue • Suite 1200 • Miami, Florida 33131 • 305.372.9700

7.     Gavin Kahn ("Kahn") is an individual that resides in Broward County, Florida. Kahn served as Vice President of Legal and Business Affairs of American Telnet from 1999 until the company's administrative dissolution in 2006.

8.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334, 2201 and 2202.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), (H), and (O).

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## FACTS COMMON TO ALL COUNTS

### A.     American Telnet's History

10.     American Telnet was a Florida corporation that was formed in or about 1992 by Pardes, T. Liebowitz and S. Liebowitz.

11.     During its existence, American Telnet was one of the largest providers of "audiotext" services or audio entertainment services offered over the telephone.

12.     "Audiotext" services include information or entertainment programs that are accessed over the telephone by dialing 900 numbers and the like.  Such services include pay-per-call services as that term is defined by 16 C.F.R. § 308.2(c).

13.     During its existence, American Telnet contracted with hundreds of information providers, which are entities that offer or sell audiotext services, including entertainment services such as psychic hotlines and horoscopes.

14.     American Telnet provided these providers with telephone bill processing, bill rendering, inquiry, collection, and remittance services for all calls accessing its audiotext services.  Charges for audiotext services included payment via credit card or directly to the

CARLSON & LEWITTES, P.A.
One Southeast Third Avenue • Suite 1200 • Miami, Florida 33131 • 305.372.9700

consumer's home or through a consumer's regular monthly telephone bill. Zodiac and American Psychic were two such information providers that contracted with American Telnet to sell audiotext services.

15.     American Telnet became a profitable enterprise.

**B.     The Zodiac and American Psychic Contracts and American Telnet's Breach**

16.     On or about August 21, 2001, Zodiac and American Psychic entered into service contracts with American Telnet. These contacts were renewed and amended in 2002.

17.     Under the terms of the contracts, American Telnet provided collection services for Zodiac's and American Psychic's 900 number calls. The contracts provided that American Telnet would collect revenues from the 900 calls and remit the revenues less a fee to Zodiac and American Psychic.

18.     American Telnet also contractually agreed to hold back a portion of the revenues in a reserve account pending reconciliation of accounts with the telephone service providers of the 900 call access ("holdbacks"). In reality, however, no "reserve accounts" with holdback revenue funds ever existed. The "accounts" existed on paper only. These holdbacks could continue for some eighteen months, but regular reconciliation of the monthly amounts would occur. It was the practice of American Telnet to make payments on a monthly basis after deducting their fees and reserves.

19.     In October of 2003, American Telnet failed to remit any revenues to Zodiac and American Psychic.

20.     In November and December of 2003, American Telnet also failed to remit any revenues to Zodiac and Amerian Psychic.

21.     Also during the Fall of 2003, Zodiac and American Psychic advised American

CARLSON & LEWITTES, P.A.
One Southeast Third Avenue • Suite 1200 • Miami, Florida 33131 • 305.372.9700

Telnet that it had overcharged them some $30,000.00 for holdbacks.

22.     At that time, American Telnet was allegedly holding $650,000 in holdbacks from Zodiac and American Psychic's revenues.

**C.     The Purported Insider Loans and the Friendly Summary Judgment**

23.     Defendants undertook a scheme to hinder or delay the company's creditors, including Zodiac and American Psychic, and to serve the self interests of Pardes, T. Liebowitz and S. Liebowitz.

24.     Defendants accomplished this scheme by having Pardes and T. Liebowitz enter into back-dated loan documents with American Telnet and thereafter filing suit against American Telnet to recover on their note obligations in order to siphon as much cash and other assets out of the company as possible, anticipating that creditors like Zodiac and American Psychic would come after it.

25.     Pardes' and T. Liebowitz's lawsuit against American Telnet, the company for which they held the positions of President and Vice President, respectively, was filed on or about January 21, 2004, and alleged the company had failed to repay a series of "loans" they had each allegedly made to the company supposedly only months before.

26.     The complaint alleged that on or about August 8, 2003, American Telnet executed and delivered to T. Liebowitz a first Promissory Note in the sum of $425,000.00 and Security Agreement securing payment of the Note.

27.     The complaint further alleged that on or about August 11, 2003, American Telnet executed and delivered to Pardes a second Note in the sum of $352,000.00 and Security Agreement securing payment of the Note.

28.     Four additional loans, also secured by Security Agreements, were alleged to have

CARLSON & LEWITTES, P.A.
One Southeast Third Avenue • Suite 1200 • Miami, Florida 33131 • 305.372.9700

been made to American Telnet as follows:

- October 14, 2003 loan from Pardes in the amount of $214,500.00
- October 14, 2003 loan from T. Liebowitz in the amount of $291,500.00
- October 22, 2003 loan from Pardes in the amount of $127,173.91
- October 22, 2003 loan from T. Liebowitz in the amount of $172,825.00

29.     Interestingly, there was never any Board of Directors' action to approve these loans.

30.     Moreover, although the notes appear to be dated in August and October of 2003, in reality, these notes were actually created in or about mid-October 2003 with the assistance of Kahn and other third parties as evidenced by a letter dated October 15, 2003, enclosing drafts of the completed documents and an e-mail dated October 16, 2003, suggesting edits to the promissory notes.

31.     The Defendants' scheme to loot the company continued when Kahn directed counsel for American Telnet to answer the complaint. The answer admits almost every single allegation of the complaint, denying none, and asserts not one affirmative defense, despite the availability of many affirmative defenses. American Telnet could have challenged these purported loans on the grounds they were insider loans that should have been re-characterized as capital contributions, the loans were back-dated, there was a lack of consideration, or on the grounds that the loans were not enforceable because, among other reasons, no documentary stamps appear to have been paid and, in any event, the "loans" were in actuality capital contributions.

32.     Despite the availability of these and other defenses, the Defendants allowed, if not facilitated, the obtaining of judgments in favor of Padres and T. Liebowitz and against American

Telnet. These judgments were entered on March 2, 2004 pursuant to motions for summary judgment filed by Pardes and T. Liebowitz. The Defendants took no action to oppose the motion for summary judgment filed by Padres and T. Liebowitz and allowed them to raid all of the assets left in the company.

33.    Upon information and belief, there were other officers and/or directors of American Telnet who were unaware of the acts and omissions of Padres, T. Liebowitz, S. Liebowitz and Kahn, and had they known, would have taken action to stop Pardes and T. Liebowitz from looting the company.

34.    Judgments were entered on Padres and T. Liebowitz' purported loans and lawsuit as follows:

- Judgment for T. Liebowitz in the amount of $1,032,825.00, together with prejudgment interest in the sum of $38,945.77, court costs in the sum of $250.00 and attorney's fees of $4,471.00 for a total of $1,076,491.70.

- Judgment for Pardes in the amount of $799,673.91, together with prejudgment interest in the sum of $30,314.84, court costs in the sum of $250.00 and attorney's fees of $4,471.00 for a total of $834,709.75.

35.    Following the entry of judgments, Pardes and T. Liebowitz continued to further damage American Telnet by seeking post-judgment execution remedies, including levying the assets of the company.

36.    Pardes and T. Liebowitz were admittedly the only ones who received any assets or anything of value from American Telenet.

37.    The assets transferred by American Telnet to Pardes and T. Liebowitz included telephone numbers that continue to generate a minimum of $100,000.00 in net revenues each year.

**D.    The Zodiac and American Psychic Lawsuit and Other Attempts to Collect from American Telenet**

38.    On or about March 22, 2004, Zodiac and American Psychic filed suit against American Telnet to recover sums due and owing to them under their contracts as well as to recover the moneys held back by American Telnet.

39.    Zodiac and American Psychic filed an amended complaint on or about April 6, 2004, adding a claim for injunctive relief to prevent further disposition or transfer of any holdbacks that may still have been in American Telnet's possession.

40.    Zodiac and American Psychic were too late, however, as Pardes and T. Liebowitz had already beaten them to the punch and obtained a friendly judgment on which they would collect and take whatever was left from American Telnet for themselves.

41.    On or about September 7, 2004, default judgments were entered against American Telnet, awarding $2,040,000.00 to Zodiac and $479,000.00 to American Psychic.

42.    The orders entering these judgments also required American Telnet to furnish Zodiac and American Psychic's counsel Fact Information Sheets in conformity with Fla.R.Civ.P. Form 1.977 within 45 days of the order.

43.    The judgments were never paid nor were Fact Information Sheets ever completed by American Telnet.  American Telnet blatantly ignored the court's order.

44.    Allstate likewise filed suit against American Telnet as a result of American Telnet's breach of its contract, which also was canceled without notice or explanation on December 12, 2003.

45.    Allstate alleged in its complaint to have suffered damages of at least $415,736.16 as a result of American Telnet's breach.

46.    On or about November 5, 2004, Allstate obtained a judgment against American

CARLSON & LEWITTES, P.A.
One Southeast Third Avenue • Suite 1200 • Miami, Florida 33131 • 305.372.9700

Telnet in the amount of $547,147.71 plus interest, which continues to accrue at the rate of 2.27% per annum from the date of judgment.

47.     As a result of the foregoing acts and omissions, millions of dollars remain unpaid and outstanding to the non-insider creditors of American Telnet, including but not limited to American Psychic and Zodiac.

**COUNT I**
**AVOIDANCE OF FRAUDULENT**
**TRANSFERS TO PARDES AND T. LIEBOWITZ**

48.     The Trustee realleges paragraphs 1 through 47 as if fully set forth herein.

49.     This is an action to avoid and recover the transfers to Padres and T. Liebowitz as fraudulent transfers in accordance with Section 544 of the Bankruptcy Code and Sections 726.105(1)(a), 726.105(1(b), 726.106(1) and/or 56.29 of the Florida Statutes and/or other applicable law regarding the avoidance of fraudulent transfers. Pursuant to 11 U.S.C. §§ 544 and 548 and Chapter 726 and Section 56.29 of the Florida Statutes, the Trustee may avoid: (i) any transfer or obligation, and recover any transfer of property of a debtor, made without receiving reasonably equivalent value in exchange for the transfer when the debtor was insolvent at the time or became insolvent as a result of the transfer, or where the debtor knew or should have known that it would incur debts beyond its ability to pay as such debts matured; and (ii) any transfers that were made to hinder or delay creditors.

50.     The assets that are the subject of the transfers to Padres and T. Liebowitz constituted transfers of an interest in property of the Debtor within four (4) years prior to the Petition Date.

51.     The Debtor made the transfers to Padres and T. Liebowitz with the actual intent to hinder or delay the creditors of the Debtor, including but not limited to Zodiac and American

9

Psychic.

52.      Among other factors present in connection with the Padres and T. Liebowitz

transfers: (1) transfers were to insiders of the Debtor under applicable law (the President and

Vice President of American Telnet); (2) at some point during the time of the transfers to Padres

and T. Liebowitz, the Debtor knew or had reason to know it was going to be sued by Zodiac and

American Psychic; (3) the Debtor incurred an obligation in the form of the alleged loans from

Padres and T. Liebowitz in an amount essentially equivalent in value to the assets of the

company; (4) the Debtor did not receive reasonably equivalent value from Padres and T.

Liebowitz for the transfers to them; (5) the Debtor was insolvent at the time of the transfers to

Padres and T. Liebowitz or became insolvent as a result thereof; (6) the Debtor knew or should

have known that it was going to incur debts beyond its ability to pay at the time of the Padres and

T. Liebowitz transfers; (7) there was never any Board action to approve the loans; and (8) the

Debtor failed to properly defend the lawsuit filed against it by Padres and T. Liebowitz, including

failing to assert available affirmative defenses, such as the failure to pay document stamps for the

alleged loans or that the moneys put into American Telnet by Padres and T. Liebowitz were

actually capital contributions and not loans.

53.      As a result of the above, the Trustee can avoid the transfers to Padres and T.

Liebowitz pursuant to Fla.Stat. 726 et seq. and/or other applicable state law, and recover the

funds that are the subject of the Padres and T. Liebowitz transfers for the benefit of the estate

pursuant to Section 550 of the Bankruptcy Code.

54.      Alternatively, the transfers were made with actual intent by American Telnet to

hinder or delay creditors of American Telnet, and the Padres and T. Liebowitz did not receive

such transfers in good faith due to their knowledge of the impaired financial condition of

American Telnet.

55.    Pursuant to 11 U.S.C. §§ 544 and 550 and Chapter 726 and Section 56.29 of the Florida Statutes, the Trustee is entitled to recover from Pardes and T. Liebowitz the value of the property transferred.

WHEREFORE, the Trustee demands judgment against Pardes and T. Liebowitz as follows: (i) determining that the transfers were fraudulent and avoidable under 11 U.S.C. §§ 544 and 550 and Chapter 726 and Section 56.29 of the Florida Statutes; (ii) entering judgment against Padres and T. Liebowitz for the value of the transfers plus interest and costs of suit; (iii) entering judgment against Padres and T. Liebowitz for the increased insolvency of American Telnet, including the amount of all claims filed or to be filed against the estate and the amounts of the judgments entered against American Telnet by non-insider creditors; and (v) for such other relief this Court deems appropriate.

### COUNT II
### AVOIDANCE OF FRAUDULENT TRANSFERS TO CERTAIN OFFICERS AND DIRECTORS OF AMERICAN TELNET
*(Against Pardes, T. Liebowitz, S. Liebowitz, and Kahn)*

56.    The Trustee realleges paragraphs 1 through 47 as if fully set forth herein.

57.    Pursuant to 11 U.S.C. §§ 544 and 548 and Chapter 726 and Section 56.29 of the Florida Statutes, the Trustee may avoid: (i) any transfer or obligation, and recover any transfer of property of a debtor, made without receiving reasonably equivalent value in exchange for the transfer when the debtor was insolvent at the time or became insolvent as a result of the transfer, or where the debtor knew or should have known that it would incur debts beyond its ability to pay as such debts, matured; and (ii) any transfers that were made to hinder or delay creditors.

58.    During and after their terms as officers and directors of American Telnet, the Defendants received compensation from American Telnet in the form of salaries, bonuses, stock

CARLSON & LEWITTES, P.A.
One Southeast Third Avenue • Suite 1200 • Miami, Florida 33131 • 305.372.9700

options, severance payments and other benefits.  Upon information and belief, at the time such transfers were made, American Telnet was insolvent and/or knew or should have known that it was incurring or would be incurring debts beyond its ability to pay as such debts matured.

59.     Based upon the acts omissions of the Defendants referred to above, American Telnet did not receive reasonably equivalent value for the purported services performed by the Defendants.

60.     Alternatively, the transfers were made with actual intent by American Telnet to hinder or delay creditors of American Telnet, and the Defendants did not receive such transfers in good faith due to their knowledge of the impaired financial condition of American Telnet.

61.     Pursuant to 11 U.S.C. §§ 544 and 550 and Chapter 726 and Section 56.29 of the Florida Statutes, the Trustee is entitled to recover from the Defendants the value of the property transferred.

WHEREFORE, the Trustee demand judgment against Defendants as follows: (i) determining that the transfers were fraudulent and avoidable under 11 U.S.C. §§ 544 and 550 and Chapter 726 and Section 56.29 of the Florida Statutes; (ii) entering judgment against Pardes, T. Liebowitz, S. Liebowitz and Kahn for the value of the transfers, plus interest and costs of suit; (iii) entering judgment against Padres, T. Liebowitz, S. Liebowitz and Kahn for the increased insolvency of American Telnet, including the amount of all claims filed or to be filed against the estate and the amount of the judgments entered against American Telnet by non-insider creditors; (iv) entering judgment against Padres, T. Liebowitz, S. Liebowitz and Kahn avoiding the transfers; (v) disallowing any claim the Defendants may have against the American Telnet estate unless and until such time as the amounts asserted hereunder are paid as provided in 11 U.S.C. 502(d), subject to other objections thereto; and (vi) for such other relief this Court deems

CARLSON & LEWITTES, P.A.
One Southeast Third Avenue • Suite 1200 • Miami, Florida 33131 • 305.372.9700

appropriate.

## COUNT III
## BREACH OF FIDUCIARY DUTY
### *(Against Pardes)*

62.     The Trustee realleges paragraphs 1 through 47 above as if fully set forth herein.

63.     At all material times, Pardes was an officer and/or director of American Telnet. As such, Pardes owed American Telnet, its shareholders and its creditors a fiduciary duty to discharge his duties in good faith, with the care an ordinarily prudent officer or director in a like position would exercise and in a manner reasonably believed to be in American Telnet's best interests. When American Telnet became insolvent, Pardes then owed a fiduciary obligation to American Telnet and its creditors. The conduct of Pardes set forth herein constitutes a breach of duty of loyalty and/or care owed to American Telnet and its creditors.

64.     Pardes exhibited a conscious, grossly negligent and/or reckless disregard for the best interests of American Telnet and its creditors in relation to the facts and circumstances as set forth above. Pardes knew, or, except for conscious, grossly negligent and/or reckless disregard of the facts, should have known, of the risk of damage that ultimately befell American Telnet and its creditors.

65.     Pardes authorized American Telnet to enter into the transactions in order to advance his own interests to the detriment of American Telnet and/or its creditors in the following respects, among others: (1) causing American Telnet to enter into loan obligations that he knew or should have known was beyond the company's ability to pay; (2) filing suit against American Telnet to obtain a friendly judgment in his favor and hinder or delay the creditors of the company; and (3) executing on the judgment knowing of the company's insolvency and dire financial condition.

CARLSON & LEWITTES, P.A.
One Southeast Third Avenue • Suite 1200 • Miami, Florida 33131 • 305.372.9700

66.     Each of the above breaches adversely impacted and conferred no benefit on American Telnet, while confirming a benefit upon insiders Pardes and Liebowitz.

67.     Pardes was grossly negligent and/or acted with reckless disregard or in bad faith in the discharge of his duties.

68.     As a direct and proximate result of Pardes' breach of fiduciary duty, the value of American Telnet was substantially diminished and the creditors were damaged thereby.

WHEREFORE, the Trustee demands judgment against Pardes for compensatory damages and special damages including, but not limited to, the Pardes and T. Liebowitz transfers, the increased insolvency of American Telnet, including the amount of all claims filed or to be filed against the estate and the amounts of the judgments entered against American Telnet by non-insider creditors, out-of-pocket fees, costs and expenses attributable and incurred or paid by American Telnet and the Trustee, all attributable attorneys fees, costs and expenses paid or incurred by American Telnet pre-petition and for the value of all American Telnet's claims against insiders and/or third parties that were not properly or timely pursued by American Telnet, plus pre-judgment interest, court costs and for such other relief this Court deems appropriate. The Trustee reserves the right to seek punitive damages at the appropriate time.

## COUNT IV
## BREACH OF FIDUCIARY DUTY
### (Against T. Liebowitz)

69.     The Trustee realleges paragraphs 1 through 47 above as if fully set forth herein.

70.     At all material times, T. Liebowitz was an officer and/or director of American Telnet. As such, T. Liebowitz owed American Telnet, its shareholders and its creditors a fiduciary duty to discharge his duties in good faith, with the care an ordinarily prudent officer or director in a like position would exercise and in a manner reasonably believed to be in American

CARLSON & LEWITTES, P.A.
One Southeast Third Avenue • Suite 1200 • Miami, Florida 33131 • 305.372.9700

Telnet's best interests. When American Telnet became insolvent, T. Liebowitz then owed a fiduciary obligation to American Telnet and its creditors. It is clear that the conduct of T. Liebowitz as set forth herein constitutes a breach of duty of loyalty and/or care owed to American Telnet and its creditors.

71.    T. Liebowitz exhibited a conscious, grossly negligent and/or reckless disregard for the best interests of American Telnet and its creditors in relation to the facts and circumstances as set forth above. T. Liebowitz knew, or, except for conscious, grossly negligent and/or reckless disregard of the facts, should have known, of the risk of damage that ultimately befell American Telnet and its creditors.

72.    T. Liebowitz authorized American Telnet to enter into the transactions in order to advance his own interests to the detriment of American Telnet and/or its creditors in the following respects, among others: (1) causing American Telnet to enter into loan obligations that he knew or should have known was beyond the company's ability to pay; (2) filing suit against American Telnet to obtain a friendly judgment in his favor and hinder or delay the creditors of the company; and (3) executing on the judgment knowing of, among other badges of fraud, the company's insolvency and dire financial condition.

73.    Each of the above breaches adversely impacted and conferred no benefit on American Telnet, while conferring a benefit upon insiders Pardes and T. Liebowitz.

74.    T. Liebowitz was grossly negligent and/or acted with reckless disregard or in bad faith in the discharge of his duties.

75.    As a direct and proximate result of T. Liebowitz's breach of fiduciary duty, the value of American Telnet was substantially diminished and the creditors were damaged thereby.

WHEREFORE, the Trustee demands judgment against T. Liebowitz for compensatory

CARLSON & LEWITTES, P.A.
One Southeast Third Avenue • Suite 1200 • Miami, Florida 33131 • 305.372.9700

damages and special damages including, but not limited to, the Pardes and T. Liebowitz

transfers, the increased insolvency of American Telnet, including the amount of all claims filed

or to be filed against the estate and the amounts of the judgments entered against American

Telnet by non-insider creditors, out-of-pocket fees, costs and expenses attributable and incurred

or paid by American Telnet and the Trustee, all attributable attorneys fees, costs and expenses

paid or incurred by American Telnet pre-petition and for the value of all American Telnet's

claims against insiders and/or third parties that were not properly or timely pursued by American

Telnet, plus pre-judgment interest, court costs and for such other relief this Court deems

appropriate. The Trustee reserves the right to seek punitive damages at the appropriate time.

## COUNT V
## BREACH OF FIDUCIARY DUTY
### *(Against Kahn)*

76.    The Trustee realleges paragraphs 1 through 47 above as if fully set forth herein.

77.    At all material times, Kahn was an officer of American Telnet. As such, Kahn

owed American Telnet, its shareholders and its creditors a fiduciary duty to discharge his duties

in good faith, with the care of an ordinary prudent officer or director in a like position would

exercise and in a manner reasonably believed to be in American Telnet's best interest. When

American Telnet became insolvent, he then owed his fiduciary obligation to American Telnet and

its creditors. The conduct of Kahn set forth herein constitutes a breach of duty of loyalty and/or

care owed to American Telnet and its creditors.

78.    Kahn exhibited a negligent, grossly negligent and/or reckless disregard for the

best interests of American Telnet and its creditors in relation to the facts and circumstances as set

CARLSON & LEWITTES, P.A.
One Southeast Third Avenue • Suite 1200 • Miami, Florida 33131 • 305.372.9700

forth above. Kahn should have known of the risk of damage that ultimately befell American Telnet and its creditors.

79.    Kahn breached his fiduciary duties owed to American Telnet and its creditors by permitting Pardes and T. Liebowitz to engage in the acts and omissions referred to in this Complaint and failing to defend the lawsuit filed against American Telnet by Pardes and T. Liebowitz.

80.    Kahn further breached his duties by, among other things, failing to adequately apprise himself of the bona fides of the transactions at issue and failing to require the implementation of adequate safeguards or controls which could have created an environment that would have likely prevented such breaches from occurring. Alternatively, Kahn breached his fiduciary duties by actively participating in the wrongdoing alleged above in concert with Pardes and T. Liebowtiz.

81.    As a direct and proximate result of Kahn's breaches of fiduciary duty, the enterprise value of American Telnet was substantially diminished and the creditors were damaged thereby.

WHEREFORE, the Trustee demands judgment against Kahn for compensatory damages and special damages including, but not limited to, the Pardes and T. Liebowitz transfers, the increased insolvency of American Telnet, including the amount of all claims filed or to be filed against the estate and the amounts of the judgments entered against American Telnet by non-insider creditors, out-of-pocket fees, costs and expenses attributable attorneys fees, costs and expenses paid or incurred by American Telnet pre-petition and for the value of all American Telnet's claims against third parties that were not properly or timely pursued by American Telnet, plus pre-judgment interest, court costs and for such other relief this Court deems

appropriate. The Trustee reserves the right to seek punitive damages at the appropriate time.

## COUNT VI
## BREACH OF FIDUCIARY DUTY
### *(Against S. Liebowitz)*

82.    The Trustee realleges paragraphs 1 through 47 above as if fully set forth herein.

83.    At all material times, S. Liebowitz was a director of American Telnet. As such, S. Liebowitz owed American Telnet, its shareholders and its creditors a fiduciary duty to discharge her duties in good faith, with the care of an ordinary prudent officer or director in a like position would exercise and in a manner reasonably believed to be in American Telnet's best interest. When American Telnet became insolvent, she then owed her fiduciary obligation to American Telnet and its creditors. The conduct of S. Liebowitz set forth herein constitutes a breach of duty of loyalty and/or care owed to American Telnet and its creditors.

84.    S. Liebowitz exhibited a negligent, grossly negligent and/or reckless disregard for the best interests of American Telnet and its creditors in relation to the facts and circumstances as set forth above. S. Liebowitz should have known of the risk of damage that ultimately befell American Telnet and its creditors.

85.    S. Liebowitz breached her fiduciary duties owed to American Telnet and its creditors by permitting Pardes and T. Liebowitz to engage in the acts and omissions referred to in this Complaint and failing to defend the lawsuit filed against American Telnet by Pardes and T. Liebowitz.

86.    S. Liebowitz further breached her respective duties by, among other things, failing to adequately apprise herself of the bona fides of the transactions at issue and failing to require the implementation of adequate safeguards or controls which could have created an environment that would have likely prevented such breaches from occurring. Alternatively, S. Liebowitz

CARLSON & LEWITTES, P.A.
One Southeast Third Avenue • Suite 1200 • Miami, Florida 33131 • 305.372.9700

breached her fiduciary duties by actively participating in the wrongdoing alleged above in concert with Pardes and T. Liebowtiz.

87.     As a direct and proximate result of S. Liebowitz's breaches of fiduciary duty, the enterprise value of American Telnet was substantially diminished and the creditors were damaged thereby.

WHEREFORE, the Trustee demands judgment against S. Liebowitz for compensatory damages and special damages including, but not limited to, the Pardes and T. Liebowitz transfers, the increased insolvency of American Telnet, including the amount of all claims filed or to be filed against the estate and the amounts of the judgments entered against American Telnet by non-insider creditors, out-of-pocket fees, costs and expenses attributable attorneys fees, costs and expenses paid or incurred by American Telnet pre-petition and for the value of all American Telnet's claims against third parties that were not properly or timely pursued by American Telnet, plus pre-judgment interest, court costs and for such other relief this Court deems appropriate. The Trustee reserves the right to seek punitive damages at the appropriate time.

## COUNT VII
## AIDING AND ABETTING BREACH OF FIDUCIARY DUTY
### (Against S. Liebowitz and Kahn)

88.     The Trustee realleges paragraphs 1 through 47 as if fully set forth herein.

89.     At all material times hereto S. Liebowitz and Kahn were officers and/or directors of American Telnet.

90.     S. Liebowitz and Kahn had knowledge of the facts and circumstances alleged in paragraphs 1 through 48 above, and, in particular, the breaches of fiduciary duties of Pardes and T. Liebowtiz. S. Liebowitz and Kahn rendered substantial assistance to Pardes and T. Liebowitz

CARLSON & LEWITTES, P.A.
One Southeast Third Avenue • Suite 1200 • Miami, Florida 33131 • 305.372.9700

in their wrongdoing and thereby aided and abetted Pardes and T. Liebowitz' breaches of fiduciary duty to American Telnet.

91.     Based upon the foregoing, S. Liebowitz and Kahn are liable for all damages proximately caused by the acts and omissions of one another and of the remaining Defendants.

92.     The breaches of fiduciary duty by Pardes and T. Liebowitz, as aided and abetted by S. Liebowitz and Kahn, proximately caused damage to American Telnet.

93.     The conduct of S. Liebowitz and Kahn was not privileged or justified.

WHEREFORE, the Trustee demands judgment against S. Liebowitz and Kahn, jointly and severally, for compensatory damages and special damages including, but not limited to, the Pardes and T. Liebowitz transfers, the increased insolvency of American Telnet, including the amount of all claims filed or to be filed against the estate and the amounts of the judgments entered against American Telnet by non-insider creditors, out-of-pocket fees, costs and expenses attributable to and incurred or paid by American Telnet and the Trustee, all attributable attorneys fees, costs and expenses paid or incurred by American Telnet pre-petition and for the value of all American Telnet's claims against insiders that were not properly pursued by American Telnet, plus pre-judgment interest, court costs and for such other relief this Court deems appropriate. The Trustee reserves the right to seek punitive damages at the appropriate time.

## COUNT VIII
## RECLASSIFICATION OF DEBT AS EQUITY
### *(Against Pardes and T. Liebowitz)*

94.     The Trustee realleges paragraphs 1 through 47 as if fully set forth herein.

95.     To the extent Pardes and T. Liebowitz provided any funds to American Telnet, the transactions were not completed as loans.

96.     The loan documents do not accurately characterize the nature of any alleged

CARLSON & LEWITTES, P.A.
One Southeast Third Avenue • Suite 1200 • Miami, Florida 33131 • 305.372.9700

contributions by Pardes and T. Liebowitz to American Telnet as they were created after the fact and not contemporaneously with the provision of any funds to American Telnet. Moreover, there was never any Board action to approve the loans and no documentary stamps appear to have been paid.

97.     Pardes and T. Liebowitz's attempts to re-characterize their purported contributions to appear to be loans and, thus, to as to increase their place in line and hinder or delay American Telnet's creditors was clearly revealed by the October 14, 2003 correspondence enclosing back-dated loan documents and the October 16, 2003 email suggesting edits to the back-dated loan documents.

WHEREFORE, the Trustee demands judgment against Pardes and T. Liebowitz as follows:  (i) finding that Pardes and T. Liebowitz's "loans" were in fact capital contributions; (ii) determining that the transfers were fraudulent and avoidable under 11 U.S.C. §§ 544 and 550 and Chapter 726 of the Florida Statutes; (iii) entering judgment against the Pardes and T. Liebowitz for the value of the transfers, plus interest and costs of suit; (iv) entering judgment against Pardes and T. Liebowitz for the increased insolvency of American Telnet, including the amount of all claims filed or to be filed against the estate and the amounts of the judgments entered against American Telent by non-insider creditors; (v) entering judgment against the Pardes and T. Liebowitz avoiding the transfers; and (vi) for such other relief this Court deems appropriate.

CARLSON & LEWITTES, P.A.
One Southeast Third Avenue • Suite 1200 • Miami, Florida 33131 • 305.372.9700

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated: December 5, 2008.

Respectfully submitted,

*Special counsel for the Trustee*:

CARLSON & LEWITTES, P.A.

By:_____ s/Ronald J. Lewittes _____
     Curtis Carlson, FBN 236640
     Ronald J. Lewittes, FBN 0052840
     Suntrust International Center
     Suite 1200
     One S.E. Third Avenue
     Miami, Florida 33131
     Telephone: 305.372.9700
     Facsimile: 305.372.8265
     Email: carlson@carlson-law.net