UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 7 |
| AMERICAN TELNET, INC., | Case No. 07-11430-BKC-JKO |
| Debtors. _____/ | |
| KENNETH WELT, Chapter 7 Trustee of Debtor AMERICAN TELNET, INC., | Adv. No. 08-01824-JKO |
| Plaintiff, vs. | |
| MICHAEL PARDES, an individual, TED LIEBOWITZ, an individual, SARA LIEBOWITZ, an individual, and GAVIN KAHN, an individual, | |
| Defendants. _____/ | |

## ANSWER

COME NOW the Defendants, Michael Pardes ("Pardes"), Ted Liebowitz ("T Liebowitz"), Sara Liebowitz ("S Liebowitz") and Gavin Kahn ("Kahn"), (sometimes collectively referred to as ("Defendants"), and answer the Plaintiff's Adversary Complaint ("Complaint") as follows:

1. Defendants admit the allegations of paragraphs 1, 2, 3, 4, 5, 10, 26, 27, 28 and 34 (except as to use of the word "purported") of the Complaint.

2. Defendants deny the allegations of paragraphs 6, 7, 8, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 31, 32, 33, 35, 37, 47, 49, 50, 51, 52, 53, 54, 55, 57, 58,

59, 60, 61, 63, 64, 65, 66, 67, 68, 70, 71, 72, 73, 74, 75, 77, 78, 79, 80, 81, 83, 84, 85, 86, 87, 89, 90, 91, 92, 93, 95, 96 and 97 of the Complaint.

3. Defendants are without knowledge of the allegations of paragraphs 9, 12, 29, 30, 36, 38, 39, 40, 41, 42, 43, 44, 45 and 46 of the Complaint.

4. Defendants reallege their answers with regard to paragraphs 48, 56, 62, 69, 76, 82, 88 and 94 of the Complaint.

5. Defendants deny all allegations not specifically admitted or denied herein.

## AFFIRMATIVE DEFENSES

6. Plaintiff's claims are barred by the applicable statute of limitations.

7. Plaintiff's claims are barred by laches.

8. Plaintiff's claims are barred by the doctrine of *in pari delicto*.

9. Defendants' alleged conduct was not the proximate cause of any loss or damage to Plaintiff.

10. Plaintiff must stand in the shoes of the creditors alleged in the Complaint in order to have standing to bring this action. The underlying claims of these creditors are fraudulent and false and Plaintiff's claims are therefore barred by the unclean hands of his predecessors.

11. As a result of the above, Plaintiff is without standing to bring this action.

12. At the time of the conduct alleged in the Complaint there were no valid claims of creditors.

13. The Business Judgment Rule insulates Defendants from liability for their actions as directors. Defendants did not act with fraud, bad faith or illegality and as such

are presumed to have acted properly and in good faith in accordance with their duties as officers and directors.

14. Pursuant to Fla. Stat. §607.0831(1)(a) Defendants may not be held personally liable for monetary damages. Defendants did not fail to perform their duties as directors, and furthermore any failure to perform such duties as a director did not constitute any of the circumstances set forth in Fla. Stat. §607.0831(1)(b).

15. Defendants discharged their duties in good faith with the care an ordinarily prudent person in a like position would exercise in similar circumstances; and in a manner reasonably believed to be in the best interests of the corporation

16. Defendants did not have a fiduciary duty to creditors of American Telnet.

17. Defendants' actions were in good faith and approved by the shareholders of American Telnet.

18. Defendants in good faith relied upon the advice of outside counsel.

19. Plaintiff fails to state a cause of action in that Plaintiff's Complaint, although using different nomenclature, actually seeks recovery for aiding and abetting a fraudulent conveyance which is not recognized under Florida law.

20. Defendants legitimately loaned money to American Telnet at a time it could not borrow money elsewhere and legitimately took back security for these loans on terms which were commercially reasonable. Without these loans American Telnet could and would not have survived in its business.

21. Since the underlying loans were valid and enforceable, Plaintiff cannot attack Defendants' subsequent action in collecting the indebtedness.

22. Defendants' actions in collecting repayment of these loans were reasonable and justified.

23. Defendants provided reasonably equivalent value in exchange for any purported fraudulent transfer.

24. American Telnet was not insolvent on the date of any purported fraudulent transfer to Defendants.

25. Plaintiff has failed to comply with all condition precedent to the maintenance of this action.

26. Plaintiff is estopped from challenging the legitimate judgment obtained by Defendants against American Telnet. Plaintiff cannot go behind this judgment in order to set aside the alleged transfers.

27. Any collateral attack on Defendants' Judgments is time barred.

28. Defendants', S Liebowitz and Khan's actions were in reliance on information, opinions, reports, statements, and other financial data prepared or presented by officers and employees of the corporation whom Defendants' reasonably believed to be reliable and competent in the matters presented as authorized by common law and Fla. Stat. § 607.0830.

29. Defendants' actions were in reliance on information, opinions, reports, statements, and other financial data prepared or presented by legal counsel, accountants, and other persons whom Defendants' reasonably believed to be reliable and competent in the matters presented as authorized by common law and Fla. Stat. § 607.0830.

30. Defendants' discharged their duties considering such factors deemed relevant, including the long-term prospects and interests of the corporation and the

shareholders, and the social, economic, legal and other effects of his actions on the employees, suppliers, customers, subsidiaries, communities and society in which the corporation operated.

WHEREFORE Defendants demand judgment on their behalves and dismissal of Plaintiff's Complaint.

### DEMAND FOR TRIAL BY JURY

Defendants demand trial by jury on all issues so triable.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF upon Curtis Carlson and Ronald J. Lewittes, Carlson & Lewittes, P.A., Suntrust International Center, Suite 1200, One S.E. Third Avenue, Miami, FL  33131.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**RICE PUGATCH ROBINSON & SCHILLER, P.A.**
Counsel for Defendants
101 N.E. Third Avenue, Suite 1800
Fort Lauderdale, FL 33301
Telephone:    (954) 462-8000
Facsimile:    (954) 462-4300

By: /s/ Chad Pugatch
    CHAD P. PUGATCH
    Florida Bar No.: 220582

J:\Wpdocs\4244 American Telnet\Pleadings\Answer and Affirmative Defenses (2) (3).doc